ACCEPTED
01-15-00095-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/23/2015 1:17:41 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00095-CR
01-15-00094-CR

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/23/2015 1:17:41 PM

CHRISTOPHER A. PRINE
Clerk

DIONYSIOS SPIRO KOSMETATOS
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1449194 & 1414418
From the 338th District Court of Harris County, Texas

BRIEF FOR THE APPELLANT

TONYA ROLLAND MCLAUGHLIN
TBN 24054176
4301 Yoakum Boulevard
Houston, Texas 77006
Phone: (713) 529-8500
Fax: (713) 456-2203

**Counsel for Appellant**

**ORAL ARGUMENT RESPECTFULLY REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                          Dionysios Spiro Kosmetatos
                                                    TDC# 1976828
                                                    French M. Robertson Unit
                                                    12071 FM 3522
                                                    Abilene, Texas 79601


TRIAL PROSECUTORS:                                  David Bernard
                                                    Beth Exley
                                                    Assistant District Attorneys
                                                    Harris County, Texas
                                                    1201 Franklin Avenue
                                                    Houston, Texas 77002


DEFENSE COUNSEL AT HEARING:                         Randall Ayers
                                                    P.O. Box 1569
                                                    Houston, Texas 77251


COUNSEL ON APPEAL FOR APPELLANT:                    Tonya Rolland McLaughlin
                                                    4301 Yoakum Boulevard
                                                    Houston, Texas 77006


PRESIDING JUDGE:                                    Hon. Brock Thomas
                                                    338th District Court
                                                    Harris County, Texas
                                                    1201 Franklin Avenue
                                                    Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................2

TABLE OF CONTENTS ................................................................................3

INDEX OF AUTHORITIES ............................................................................4

STATEMENT OF THE CASE ..........................................................................5

STATEMENT REGARDING ORAL ARGUMENT ..............................................6

ISSUE PRESENTED ....................................................................................7

STATEMENT OF FACTS ..............................................................................7

SUMMARY OF THE ARGUMENT ..................................................................9

ARGUMENT ............................................................................................10

ISSUE ONE: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR INSTRUCTED VERDICT BECAUSE THE EVIDENCE IS INSUFFICIENT TO ESTABLISH APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.

ISSUE TWO: THE EVIDENCE IS INSUFFICIENT FOR A RATIONAL JURY TO FIND BEYOND A REASONABLE DOUBT APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.

STANDARD OF REVIEW. ........................................................................ 10

ANALYSIS: SUFFICIENCY OF THE EVIDENCE. ........................................ 11

PRAYER ..................................................................................................14

CERTIFICATE OF SERVICE ........................................................................14

CERTIFICATE OF COMPLIANCE ..................................................................14

# INDEX OF AUTHORITIES

## Cases

*Brooks v.* State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).. ................................................ 10

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). ........................................... 10, 11

*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).. ................................................ 10

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979);.. ........... 10, 11

M*cDaniel v. State*, No. 01-11-00107-CR, 2012 Tex. App. LEXIS 406, 2012 WL 151465 (Tex. App. – Houston [1st Dist.] January 19, 2012, pet. ref'd) (mem. Op. not designated for publication). ... ................................................................................................................. 12

*Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). ............................................. 11

## Constitutional Provisions, Statutes and Rules

Tex. Penal Code Ann. § 22.01(a)(2). ...................................................................................... 11

Tex. Penal Code Ann. § 22.02(a)(2) and 22.02(b)(2)(B). ....................................................... 11

Tex. Penal Code Ann. § 22.02(b)(2)(B). ................................................................................. 11

Tex. Penal Code Ann. § 22.02(c)............................................................................................. 11

Tex. R. App. Proc. § 38.1(e) .....................................................................................................6

## STATEMENT OF THE CASE

Appellant was charged in cause numbers 1414418, 1449194, and 1414419 with two counts of Aggravated Assault - Public Servant and one count of Aggravated Assault - Family Member, each alleged to have occurred on or about January 13, 2014. (1 CR at 7; 2 CR at 5).[1] The State filed a motion to consolidate the three cases into one trial on November 24, 2014, which was granted. (2 CR at 6).

On January 14, 2015, a jury found Appellant guilty in cause numbers 1414418 and 1449194 of both counts of Aggravated Assault – Public Servant. The jury found Appellant not guilty in cause number 1414419 of Aggravated Assault – Family Member. On January 14, 2015, the jury sentenced the Appellant to forty (40) years in the Institutional Division of the Texas Department of Corrections. Appellant filed a timely notice of appeal. (1 CR at 96; 2 CR at 38).

The two convictions are combined in a single brief for purposes of appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument should be permitted because this appeal is not frivolous and the facts and legal arguments are adequately presented. TEX. R. APP. PROC. 38.1(e). Appellant requests oral argument because the Court of Appeal's decision, whether the evidence is sufficient to support the convictions, would be significantly aided by oral argument.

## ISSUES PRESENTED

**ISSUE ONE: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR INSTRUCTED VERDICT BECAUSE THE EVIDENCE IS INSUFFICIENT TO ESTABLISH APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.**

**ISSUE TWO: THE EVIDENCE IS INSUFFICIENT FOR A RATIONAL JURY TO FIND BEYOND A REASONABLE DOUBT APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.**

## STATEMENT OF FACTS

On January 13, 2014, Appellant, Dionysios Kosmetatos, was at his mother in law's apartment with his children and wife. (3 RR at 25). Appellant and his wife, Rebecca Kosmetatos, began arguing inside of the apartment. (3 RR at 26). Rebecca and her mother, Patricia Dow, left the Appellant and children inside of the apartment and went to the apartment of downstairs neighbor, Urica Blackwell. Urica called 911. (4 RR at 74).

Officer Patrick Woods and Officer Serguei Gromyko responded to the disturbance call a little after midnight. (4 RR at 161). They did not use their sirens or their lights. (4 RR at 118). Officer Woods testified at this point they only knew that the Appellant was alleged to have locked his wife out of the apartment and Officer Gromyko was behind him. (4 RR at 125). Officer Gromyko testified he thinks he saw Appellant on the balcony looking at them when they first arrived; however, defense counsel pointed out this was nowhere in the offense report supplements or their sworn statements. (4 RR at 190, 192; 5 RR at 24). Officer Woods stated there had

been no report of weapons and he did not feel threatened walking up the stairs. (4 RR at 154).

CSU Officer Arthur Lyons wrote in his report the stairwell was dark with very limited illumination and on the landing in front of Patricia's apartment the light fixture was out. (4 RR at 46-50). The available light was coming from the balcony below. (4 RR at 51). Officer Woods testified they did not knock or announce police. (4 RR at 128, 147). He said they were talking to Patricia when Appellant flung the door open. (4 RR at 128). Urica's testimony conflicts with the Officer's because she allegedly saw the Officers arrive and knock on the door. (4 RR at 79). Officer Woods said Appellant screamed and rushed him. (4 RR at 130).

Patricia Dow first testified on direct for the State that she saw Appellant come out of her apartment with a knife in his hand and heard him threaten the Officers. (3 RR at 45-46). But on cross testified she did not see any altercation between Appellant and the Officers and never saw Appellant with the knife. (4 RR at 26, 29). Urica said she saw him come out screaming with a knife above his head and tried to stab the Officers. Her testimony again conflicts with the Officers because she allegedly saw them telling Appellant to put the knife down and then she heard gunshots. (4 RR at 81-83). Officer Woods testified he did not tell Appellant to drop the knife. (4 RR at 132). Urica also claims to have called 911 a second time because the Officers needed help, but there is no recording or proof of the second call. (4 RR at 108-109).

Officer Woods and Officer Gromyko concur it was mere seconds from the time the door flung open to the firing of his gun. (4 RR at 149, 154, 183). Officer Gromyko testified there was no time to reflect. (4 RR at 184). Officer Woods fired his gun shooting Appellant twice. (4 RR at 135, 174). He had never shot anyone before. Appellant fell down the stairs. (4 RR at 138, 174). Neither Officer sustained any injuries. (4 RR at 158, 187).

At trial, defense counsel moved for an instructed verdict once the State rested arguing there was insufficient evidence to prove the assault on Appellant's wife or to support Appellant's knowledge that Officer Woods and Officer Gromyko were peace officers at the time of the offense. (5 RR at 31). In the States rebuttal, they misstate the testimony of the Officers and incorrectly argue to the trial court "with respect to the aggravated assault on the peace officer cases, both police officers and the scene investigator, Officer Lyons, and Sergeant Holbrook testified that the lighting was adequate on the top floor to see a police uniform." (5 RR at 34). The trial court denied the defense's motion. (5 RR at 34).

## SUMMARY OF THE ARGUMENT

Appellant complains there is insufficient evidence to support his convictions for Aggravated Assault on a Public Servant. He did not know the Officers were Public Servants at the time of the offense.

9

**ISSUE ONE: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR INSTRUCTED VERDICT BECAUSE THE EVIDENCE IS INSUFFICIENT TO ESTABLISH APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.**

**ISSUE TWO: THE EVIDENCE IS INSUFFICIENT FOR A RATIONAL JURY TO FIND BEYOND A REASONABLE DOUBT APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.**

*STANDARD OF REVIEW*

Challenging the trial court's ruling on directed verdict is a challenge to the legal sufficiency of the evidence to support the conviction. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Appellate courts review both legal and factual sufficiency challenges using the same standard of review. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing sufficiency of the evidence, appellate courts examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The factfinder is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi*, 330 S.W.3d at 638; *Brooks v. State*, 323 S.W. 3d 893, 899 (Tex. Crim. App. 2010).

It is the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When

the record supports conflicting inferences, the reviewing court presumes that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

### ANALYSIS: SUFFICIENCY OF THE EVIDENCE

Due process requires the State to prove beyond a reasonable doubt every element of the crime charged. *Jackson*, 443 U.S. at 313. A person commits an assault if he intentionally or knowingly threatens another with imminent bodily injury. Tex. Penal Code Ann. § 22.01(a)(2). The offense is elevated to an aggravated assault if the person uses or exhibits a deadly weapon during the commission of the assault and is punishable as a first-degree felony if the offense is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. Tex. Penal Code Ann. § 22.02(a)(2) and 22.02(b)(2)(B). The State in this case was required to prove beyond a reasonable doubt Appellant knew Officer Gromyko and Officer Woods were public servants at the time of the offense. The statute creates a presumption that an accused knew that the person assaulted was a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant. Tex. Penal Code Ann. § 22.02(c). However, viewing all of the evidence in Appellant's case in the light most favorable to the prosecution a rational trier of fact could not have found this element beyond a reasonable doubt.

11

In *McDaniel v. State*, this court found the evidence was legally sufficient to support the defendant's conviction where his argument implied that he did not know he was pointing a gun at police officers. M*cDaniel v. State*, No. 01-11-00107-CR, 2012 Tex. App. LEXIS 406, 2012 WL 151465 (Tex. App. – Houston [1ˢᵗ Dist.] January 19, 2012, pet. ref'd) (mem. Op. not designated for publication).  The Houston Police Department was called to a weapons disturbance at an apartment.  (*Id.* at 1). Three Officers arrived in uniform to speak to the reportee that stated his roommate had locked him out of the apartment after threatening him with a gun. (*Id.*). It was approximately midnight, but all three officers testified there was enough light outside the apartment for the defendant to see their uniforms. (*Id. at 2*)  They knocked forcefully on the door, and loudly announced Houston Police Department three times with a total of 9 knocks when the defendant opened door with a gun in hand. (*Id.*). Officers told him to drop the weapon and when the defendant pointed it at them they tackled the defendant and subdued with force. (*Id.*).

Although a similar scenario, our case differs.  Houston Police Department was likewise dispatched to an apartment where Appellant's wife was claiming to have been locked out, but there was no mention of weapons. (4 RR at 125, 154). Officer Woods testified he never knocked on the door or announced police.  (4 RR at 128, 147). Officer Lyons testified it was dimly lit and missing a light. (4 RR at 46). Additionally, in this case Officers subdued Appellant with force by shooting him multiple times and acknowledged everything happened very quickly with little time to reflect. (4 RR at

12

149-154, 184). The Officers did not sustain any injuries. (4 RR at 187). This case does not have the necessary, reasonable inferences the Court relied on in *McDaniel* to find the defendant knew the Officers were public servants. (*Id.*). Appellant did not know Police Officers were outside the apartment door.

The trial court erred in denying the defense's motion for instructed verdict. This is likely due to the State's misstatement of Officer testimony. The State argued against the instructed verdict for this case on the grounds that all of the Officers testified the lighting was adequate on the top floor to see a police uniform. (5 RR at 34). When in fact, that is nowhere in the record. The only mention of lighting is from Officer Lyons testifying the stairwell was dark with very limited illumination and the light in front of the apartment was out. (4 RR at 46-50). The lack of lighting alone in this case overcomes the presumption that Appellant from inside of his apartment saw the officers outside in uniforms with badges.

The combined evidence reveals there was a lack of light, Officer Woods and Officer Gromyko did not arrive with lights and sirens, they never knocked or announced their presence, and within seconds Appellant was shot multiple times. A jury could not have rationally inferred with those facts that Appellant knew beyond a reasonable doubt that there were men outside of the apartment door that evening or that they were Police Officers. It was simply too dark and too quick.

## PRAYER

Appellant prays this Court to reverse the conviction and remand the case to the trial court for entry of an order of acquittal.

Respectfully submitted,

_s/Tonya Rolland McLaughlin
**Tonya Rolland McLaughlin**
4301 Yoakum Boulevard
Houston Texas 77006
Phone: (713) 529-8500
Fax: (713) 453-2203
TBN 24054176

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been delivered via e-service to the following:

curry_alan@dao.hctx.net
Chief Prosecutor, Appellate Division
Harris County District Attorney's Office
1201 Franklin Suite 600
Houston, Texas 77002-1923

_s/Tonya Rolland McLaughlin
**Tonya Rolland McLaughlin**

## CERTIFICATE OF COMPLIANCE

I certify that this computer-generated document has a word count of 2,578 words, based upon the representation provided by the word processing program used to create the document.

_s/Tonya Rolland McLaughlin
**Tonya Rolland McLaughlin**